United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael V. Lombardi and U.S. Opportunities, LLC, Plaintiffs<br><br>v.<br><br>Department of Homeland Security and Agent Jason Elder, Defendants | )<br>)<br>)<br>)  Civil Action No. 14-23084-Civ-Scola<br>)<br>)<br>) |

## Order

　　Michael Lombardi, filed this lawsuit on behalf of himself and his company, U.S. Opportunities, LLC. He claims that the negligent actions of the Department of Homeland Security and Agent Jason Elder have caused him and his company significant losses, including a 51-month prison sentence for Lombardi. Lombardi alleges nine state-law claims ranging from malicious prosecution to negligent misrepresentation.

　　After reviewing the record, the Court is unsure whether it has subject-matter jurisdiction over this case. And federal courts are obligated to resolve the issue of subject-matter jurisdiction before proceeding forward with a case. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Lombardi is attempting to proceed under the Court's diversity jurisdiction. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship—that is, every plaintiff is diverse from every defendant. 28 U.S.C. § 1332(a); *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). Lombardi bears the burden of establishing that diversity jurisdiction exists, since he is the party invoking federal jurisdiction. *See Rolling Greens MHP, LP v. Comcase SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

　　Lombardi fails to allege that the amount in controversy satisfies the threshold level required by 28 U.S.C. § 1332(a). He also fails to allege his own citizenship or that of Agent Jason Elder. Additionally, the allegations regarding the citizenship of U.S. Opportunities, LLC are not sufficient. *Id.* at 1022 (For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen.").

　　Another fundamental problem exists with the Complaint. Lombardi is proceeding pro se, but he is making allegations on behalf of his company, U.S. Opportunities, LLC. The law does not permit this. "The rule is well established that a corporation is an artificial entity that can act only through agents,

cannot appear *pro se,* and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Out of caution, the Court also notes that Lombardi's attempted representation of U.S. Opportunities, LLC borders on the unlicensed practice of law—a third-degree felony under Florida law. *See* Fla. Stat. § 454.23 (2014).

For the reasons explained above, the Court is unsure whether it has subject-matter jurisdiction over this case. Accordingly, the Court **dismisses** the Complaint *without prejudice*. The Court directs the Clerk to **close** this case.

**Done and ordered**, in chambers at Miami, Florida, on August 26, 2014.

_____
Robert N. Scola, Jr.
United States District Judge